**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| ZELPHA A. HART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:11-cv-00601-RCJ-WGC |
| vs. | ) | |
| | ) | |
| CIRCUS-CIRCUS et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

This case arises out of the alleged sexual harassment of a casino worker by a coworker. Plaintiff Zelpha A. Hart is a housekeeping employee at Defendant Circus-Circus, a casino in Reno, Nevada. The Complaint is written in train-of-thought fashion and includes mainly extraneous material, but the core relevant allegations are intelligible. Plaintiff alleges that Defendant Jorge Alas, a coworker, sexually harassed her several times over the course of "many years," including "bumping his penis into [Plaintiff's] thigh," "rubbing [Plaintiff's] knuckle when [she] hand[ed] over soil[ed] linen to him," and once bumping or striking her chest/breast, leaving permanent nerve damage. Although she reported one or more incidents to an unidentified person at Circus-Circus, the employer refused to believe her because she had no witness, and it refused to take any action.

Plaintiff sued Circus-Circus, Alas, Roberta Saldansky, Darrel Clifton, Nathan J.H. Lloyd, and Roy Cassidy in this Court on what appear to be claims under 42 U.S.C. § 1983 and Title VII.

1  No party is alleged to be a state actor, so the § 1983 claims necessarily fail. *See* 42 U.S.C.
2  § 1983.  Also, the Title VII claims necessarily fail against any Defendant except Circus-Circus,
3  the employer. *See Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587 (9th Cir. 1983).
4       The magistrate judge has recommended dismissing for failure to comply with Rule 4(m)
5  and the magistrate judge's orders, and the individual Defendants have moved to dismiss for lack
6  of personal jurisdiction and failure to state a claim.  Plaintiff has objected to the Report and
7  Recommendation ("R&R") but has not timely responded to Defendants' motion.  As the
8  magistrate judge notes, service was not completed by the deadline of March 19, 2012, after a
9  thirty-day extension.  Plaintiff was warned that failure to serve by that date would result in
10 dismissal without prejudice.  Plaintiff notes that she later served Alas and Circus-Circus on April
11 27, 2012, eleven days after the magistrate judge issued the R&R recommending dismissal for
12 failure to serve, and she asks the Court to extend the time to serve these two Defendants
13 retroactively.  The Court will not extend time retroactively.

**CONCLUSION**

15      IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 20) is GRANTED.
16      IT IS FURTHER ORDERED that the Report & Recommendation (ECF NO. 16) is
17 ADOPTED in part.  Defendant Circus-Circus is dismissed without prejudice for failure to
18 comply with Rule 4(m).
19      IT IS FURTHER ORDERED that the hearing scheduled for August 20, 2012 is
20 VACATED.
21      IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.
22      IT IS SO ORDERED.
23 Dated this 9th day of July, 2012.

_____
ROBERT C. JONES
United States District Judge